UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 2:08-cr-00060-GMN-LRL |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| NORMAN MARTIN, ) | |
| Defendant. ) | |

Before the Court is Defendant's Motion to Reconsider the court's Order (ECF No. 38) dated January 12, 2010 wherein the court accepted the Report and Recommendations (R&R) of the U.S. Magistrate Judge (ECF No. 39). The Government did not file a Response or Non-Opposition to Defendant's Motion to Reconsider.

In its Motion, the Defendant candidly explains that despite having filed three stipulations to extend the deadline to object to the R&R (ECF Nos. 31, 33, and 37), no objections were ever filed because "counsel negligently confused the April trial deadline with the objection deadline." (Motion, p. 4, ECF No. 39). Counsel explains that "the government relayed an offer that would permit Mr. Martin to plead guilty to a charge which would avoid the possibility of the Armed Career Criminal Act (ACCA) enhancement…" (*Id.* at 2) and that she was "working diligently" to obtain Defendant's old criminal history records from Massachusetts which are necessary to determine if the Defendant would qualify as an Armed Career Criminal and to evaluate the benefit of the Government's offered plea agreement. (*Id.* at 4).

However, this court did not accept the Magistrate Judge's R&R merely because no objections were filed. This court conducted a *de novo* review of the record in this case in

accordance with 28 U.S.C. § 636(b)(1) and Local Rule I B 1-9, then determined that Magistrate Judge Leavitt's Report and Recommendations should be accepted. Defendant's Motion to Reconsider fails to provide any legal argument or cite to any legal authority to justify vacating the court's order accepting the R&R.  Local Rule 47-9 states that, "the failure of a moving party to file points and authorities in support of the motion shall constitute consent to the denial of the motion." Defendant Martin has failed to file an objection (even if untimely) or any other legal basis for rejecting the R&R.

     Rather, the Defendant's instant request for an additional continuance to file the objections or, in the alternative, to hold the objection deadline in abeyance while the parties continue negotiations appears to be crafted primarily to preserve a tactical advantage. (Motion p. 4, ECF No. 39).  It first seemed as if postponing the filing of objections to the R&R was a condition precedent required by the Government before it would engage in negotiations.  A review of the prior stipulations (ECF Nos. 31, 33, and 37) indicates that the continuances were sought as counsel waited for "criminal history documents from the Massachusetts State Court…(which) will help determine whether the defendant should enter into negotiations with the government or continue to litigate the motions and proceed to trial." (Stipulation, p. 2, ECF No. 37).  However, the instant motion makes clear that the Government had already extended a plea agreement and explains that "the difference in sentence exposure is at a minimum five years." (Motion, pg. 4, ECF No. 39).

     Defendant's Motion to Suppress and Motion to Dismiss are both Rule 12(b)(3) motions which the Federal Rules of Criminal Procedure require to be made before trial. To soften the harshness of this technical rule, section (e) of Rule 12 states,

> "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For **good cause**, the court may grant relief from the waiver."

(emphasis added).  Therefore, section (e) provides that a failure to raise an objection constitutes a waiver, but that the court is allowed to grant relief from the waiver if adequate cause is shown. *See* Advisory Committee Notes, 1974 Amendment, citing, C. Wright, Federal Practice and Procedure; Criminal §192 (1969).  The Ninth Circuit has held that to obtain relief from waiver under Rule 12(e), a party must present a legitimate explanation for his failure to raise the issue in a timely manner. *U.S. v. Anderson*, 472 F.3d 662, 670 (9th Cir. 2006).

This court appreciates counsel's candor and has no doubt that she has been working diligently on this case; however, it is certainly not as if counsel was in Massachusetts manually culling through prior criminal records herself without access to a phone or computer.  Merely negligently confusing the April trial date with the January deadline to file objections to the R&R and missing the deadline is simply not sufficient to justify the remedies requested.  For example, there has been no evidence that counsel did not receive notice of, was unaware of the actual deadline, misled by the Government or limited in any way in her ability to timely file objections or another timely request for a continuance.  Finally, there is no claim or evidence that Defendant could not have both filed objections to the R&R and also continue meaningful negotiations with Government counsel.

Accordingly, the Court finds good cause it has not been demonstrated sufficient to extend or hold in abeyance the deadline for filing objections to the R&R.  Therefore, the Motion for Reconsideration (ECF No. 39) is **DENIED**.

DATED this 18th day of March, 2011.

_____
Gloria M. Navarro
United States District Judge