# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )          Case No.: 2:08-cr-60-GMN-VCF
                                   )
          vs.                      )          **ORDER**
                                   )
NORMAN MARTIN,                     )
                                   )
                    Defendant.     )
_____   )

     Pending before the Court is Petitioner Norman Martin's ("Petitioner's") Motion for Vacate under 28 U.S.C. § 2255. (ECF No. 82).  The Government filed a Response. (ECF No. 88).

## I.    BACKGROUND

     On September 12, 2011, Petitioner pled guilty to Count 1 of the Superseding Information to Possession of a Stolen Firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (ECF No. 62); (*see also* Plea Agreement, ECF No. 60).  On January 10, 2012, Petitioner was sentenced to 120 months custody followed by one year of Supervised Release. (ECF No. 67); (Judgment, ECF No. 69).

     On June 23, 2016, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 and Motion for Appointment of Counsel. (ECF Nos. 82, 83).  However, previously, on April 27, 2016, the Court filed the First Amended General Order 2015-03 (D. Nev. Apr. 27, 2016) appointing the Office of the Federal Public Defender for the District of Nevada (the "FPD") to represent each defendant identified by the United States Sentencing Commission as having been sentenced under United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1.  The limited purpose of this appointment was to determine whether the identified defendant might qualify

for federal habeas relief under 28 U.S.C. § 2255 in light of *Johnson v. United States*.  Petitioner was included in the list attached to the First Amended General Order 2015-03.  As such, the Court filed a Minute Order on June 27, 2016, denying Petitioner's Motion for Appointment of Counsel as moot. (*See* ECF No. 84).

Then, on June 30, 2016, the FPD filed a Motion to Withdraw as Attorney. (Mot. to Withdraw, ECF No. 85).  The Motion explained that the FPD had "reviewed Mr. Martin's file, including relevant court documents" and determined it would "not file any motions on Mr. Martin's behalf." (*Id.* 2:10–12).  The Court granted this Motion on July 7, 2016. (ECF No. 86).

In the instant Motion to Vacate, Petitioner seeks § 2255 relief of a sentencing reduction under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Mot. to Vacate at 1, ECF No. 82).

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).  Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see also United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010).  Motions pursuant to § 2255 must be filed within one year from, *inter alia*, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).  "[A] district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

III.    **DISCUSSION**

### A. Motion to Vacate

On June 26, 2016, the U.S. Supreme Court held in *Johnson* that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The *Johnson* decision established a new substantive rule that has retroactive effect on cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). Petitioner's Motion is timely because it was filed within one year of the *Johnson* decision. *See* 28 U.S.C. § 2255(f)(3).

Petitioner states that his "current sentence was increased pursuant to U.S.S.G. section 2K2.1 by two (2) levels." (Mot. to Vacate at 1, ECF No. 82). He asserts that this two-level increase was a violation of due process as explained by the *Johnson* court. (*Id.*).

The Government asserts three reasons in opposition to Petitioner's Motion. First, Petitioner's plea agreement included a waiver of his right to collaterally attack his sentence. (Gov't Resp. 2:1–3, ECF No. 88). Second, Petitioner's length of sentence was imposed "pursuant to a binding (c)(1)(C) plea agreement, not by virtue of a guidelines calculation." (*Id.* 2:4–5). Third, *Johnson*'s holding did not impact Petitioner's "prior offenses that increased his base offense level" because they were drug-trafficking offenses. (*Id.* 2:5–7). The Court agrees.

First, Petitioner's plea agreement states in pertinent part:

> In exchange for the concessions made by the United States in this plea agreement, the Defendant waives . . . all collateral challenges [under 28 U.S.C. § 2255], to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

(Plea Agreement 4:11–15). As such, the Government is correct that Petitioner's plea agreement expressly included a waiver of Petitioner's right to collaterally challenge his sentence, as requested here. *See United States* v. *Abarca*, 985 F.2d 1012, 1013–14 (9th Cir. 1993) (plea agreement waiver barred petitioner from challenging the validity of his sentence in a § 2255 motion).

1    Further, Petitioner's plea agreement states: "The United States and the defendant agree

2  that a sentence of 120 months imprisonment is the appropriate disposition of this case pursuant

3  to [Federal Rule of Criminal Procedure ("FRCP")] 11(c)(1)(C)." (Plea Agreement 2:6–7).

4  FRCP 11 governs plea agreements and allows the Government and the defendant to "agree that

5  a specific sentence or sentencing range is the appropriate disposition of the case." FRCP

6  11(c)(1)(C). Here, the parties agreed that Petitioner would serve 120 months in prison, which

7  was the sentence imposed by the Court. (Plea Agreement 2:6–7); (Judgment, ECF No. 69).

8    Further, even if the Court considers Petitioner's arguments on the merits, the Court finds

9  that *Johnson* is not applicable to Petitioner's case. Petitioner's plea agreement states, "The

10  Base Offense Level is twenty-four (24), because the defendant had two (2) prior violent felony

11  convictions at the time he committed the offense. (§ 2K2.1(a)(2))." (Plea Agreement 3:1–3).

12  However, U.S.S.G. § 2K2.1(a)(2) provides the base offense level "if the defendant committed

13  any part of the instant offense subsequent to sustaining at least two felony convictions of *either*

14  *a crime of violence or a controlled substance offense*." § 2K2.1(a)(2) (emphasis added). From

15  Petitioner's Presentence Investigation Report, it is clear that the prior predicate convictions

16  were for controlled substance offenses, not crimes of violence. (*See* Gov't Resp. 5:19–6:6).

17  *Johnson*'s potential effect only reaches those defendants impacted by the definition of "crime

18  of violence," which does not include Petitioner. As such, Petitioner's § 2255 claim also fails on

19  the merits.

20    Accordingly, the Court finds that Petitioner does not qualify for relief under § 2255.

21  Further, the Court finds dismissal without an evidentiary hearing to be appropriate given

22  Petitioner's failure to state a viable claim for relief. *See Burrows*, 872 F.2d at 917.

23  ///

24  ///

25

**B. Certificate of Appealability**

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, Petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Ornoski,* 435 F.3d at 951 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court has considered the issue raised by Petitioner, with respect to whether it satisfies the standard for issuance of a certificate of appealability, and determines that the issue does not meet that standard. The Court will therefore deny Petitioner a certificate of appealability.

**IV.    CONCLUSION**

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (ECF No. 82) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**DATED** this   7   day of December, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court